IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL J. NANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-097-DRH |
| | ) | |
| G. SCHWARTZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Michael Nance, an inmate at Pinckneyville Correction Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is thus subject to summary dismissal.

**DISCUSSION**

Nance alleges that from November 15, 2008, to January 9, 2009, his cell had its hot/cold water turned off. He also states that he was ignored when he tried to complain to the maintenance supervisors and the warden of the prison about this problem.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

In this case, Nance alleges that his access to water was impeded, not that he was completely deprived of water. Moreover, he makes no allegation that he suffered any physical harm from his lack of free access to running water. *See* 42 U.S.C. §1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). *See also Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006). Thus, the brief allegations in the complaint fail to present a claim on the objective element. Furthermore, the complaint is devoid of any allegations that either Warden Schwartz or Joe the Plumber acted with the requisite mental intent in their apparent failure to remedy the situation in a timely manner. Therefore, Nance has failed to state a claim upon which relief may be granted against either of these defendants.

As for Blagojevich, who is listed in the docket as a defendant, a review of the complaint shows that Nance does not name Blagojevich as a defendant. Instead, his name appears as the employer of Defendant Schwartz, not for purposes of liability, but only to provide further identification of Schwartz. Therefore, because Blagojevich was not intended to be a defendant, he is **DISMISSED** from this action with prejudice.

<u>**DISPOSITION**</u>

As discussed above, Nance has failed to state a claim upon which relief may be granted. Accordingly, this action is **DISMISSED** with prejudice in its entirety. Nance is advised that this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS SO ORDERED.**

**DATED: August 5, 2009.**

<u>/s/    DavidRHerndon</u>
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**